UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SANTIAGO STRICKLAND,
   Plaintiff,

vs.                                                                          No. 08-1373

MICHAEL W. BOHM,
   Defendant.

### MERIT REVIEW ORDER

     This cause is before the court for a merit review of the plaintiffs' complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The plaintiff, a state prisoner, has filed his complaint pursuant to 42 U.S.C. §1983 against one defendant at Pontiac Correctional Center: Officer Michael W. Bohm. The plaintiff says this officer wrote a disciplinary ticket against him claiming that the plaintiff was found in his cell with a torn up sheet tied together to make a line. The officer claimed when he ordered the plaintiff to step back in his cell, the plaintiff refused and became very aggressive, kicking the officer in the left knee.

     The plaintiff says he did not kick the officer and the officer did not write up an incident report on the incident. Nonetheless, the plaintiff says the Adjustment Committee Found him guilty and he lost one year of good time credits as a result. The plaintiff says he is suing the officer for perjury and falsifying a disciplinary report.

     The plaintiff has failed to state a claim upon which relief can be granted. In order for the court to determine that the actions of the Defendant Bohm were unlawful, the court would have to find that the decision in the disciplinary case was invalid and based on improper motivations. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held that a suit that seeks to overturn a state sentence, or seeks a result that would invalidate a state sentence, requires the plaintiff to prove that the sentence has been declared invalid by a state tribunal authorized to make such a declaration. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Court extended this ruling to include suits attacking intra prison disciplinary sanctions that affect the overall length of confinement. The plaintiff lost good time credits as a result of the disciplinary hearing, but has failed to demonstrate that the Adjustment Committee findings were overturned. Therefore, the court must dismiss this claim.

     The plaintiff also says the Adjustment Committee sentenced him to one year in segregation. Apparently, plaintiff was found guilty in July of 2008. The plaintiff says he is suing for pain and suffering for the "psychological damage that is caused by the long hours and prolonged isolation in segregation." (Comp, p. 6). The plaintiff provides no further information in his complaint. Disciplinary segregation, even wrongfully imposed, is neither cruel nor unusual in itself. *Leslie v. Doyle,* 868 F. Supp. 1039, 1042 (N.D. Ill. 1994)."[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). The plaintiff makes

no such allegations in his complaint, but the court will allow the plaintiff an opportunity to file an amended complaint if he believes he can state a violation of his Eighth Amendment rights.

The plaintiff has also filed a motion for appointment of counsel. [d/e 3] Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer, *Merritt v. Faulkner,* 697 F.2d 761, 763 (7th Cir. 1983), but federal district courts are authorized by statute to appoint counsel where justified by "exceptional circumstances." *Farmer v Haas,* 990 F.2d 319, 322 (7th Cir. 1993) Before a court will inquire as to whether a circumstances of a case are exceptional, the plaintiff must demonstrate that he has made reasonable efforts to retain counsel and was unsuccessful, or that he was effectively precluded from making such efforts. *Jackson v. County of McLean,* 953 F.2d 1070, 1072-73 (7th Cir. 1992); *see also Williams v Finney,* 2007 WL 3085958 at 1 (N.D. Ill. Oct. 18, 2007). The plaintiff's motion makes no such representation. Therefore, the motion for appointment of counsel is denied with leave to refile with the required information.

**IT IS THEREFORE ORDERED:**

1. **Pursuant to the merit review, the plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.**

2. **The court will allow the plaintiff one opportunity to file an amended complaint more fully explaining his claim that his eighth amendment rights were violated while confined to segregation. The plaintiff must file his amended complaint within 21 days. If the plaintiff fails to submit his motion to amend with an attached amended complaint within this time period, his case will be dismissed. The clerk of the court is directed to send the plaintiff a blank complaint form.**

3. **The plaintiff's motion for appointment of counsel is denied with leave to renew. [d/e 3]**

Entered this 15th day of January, 2009.

                                      **s\Harold A. Baker**
                                _____
                                  HAROLD A. BAKER
                           UNITED STATES DISTRICT JUDGE